UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BUHRKE FAMILY REVOCABLE TRUST, on behalf of Itself and all others similarly situated,<br><br>       Plaintiff,<br><br> -v-<br><br>U.S. BANCORP, ANDREW CECERE, TERRY DOLAN, and JODI RICHARD,<br><br>       Defendants. | CIVIL ACTION NO.: 22 Civ. 9174 (JPC) (SLC)<br><br>**OPINION AND ORDER** |

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff The Buhrke Family Revocable Trust (the "Trust") brings this putative securities class action against U.S. Bancorp, Andrew Cecere, Terry Dolan, and Jodi Richard (together, "Defendants"), for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a).  (ECF No. 1 (the "Complaint")).  Before the Court are the competing motions of the Trust and Teamsters Local 710 Pension Fund and Ohio Carpenters Pension Fund (the "Funds") to be appointed as lead plaintiffs and for their chosen counsel to be appointed as lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).  (ECF Nos. 16 (the "Funds' Motion"); 18 (the "Trust's Motion," with the Funds' Motion, the "Motions")).[1]  The Funds oppose the Trust's Motion.  (ECF No. 26)  The Trust, however, does not oppose the Funds' Motion.  (ECF No. 25).

---

[1] The Honorable John P. Cronan referred this matter to me for general pretrial supervision, including all non-dispositive pretrial motions.  (ECF No. 15).  "[A]n order appointing lead plaintiff and approving lead counsel qualifies as a non-dispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure, allowing this Court to issue a written order (i.e., a Memorandum and Order) rather than a recommended disposition (i.e., a Report and Recommendation)."  City of Hollywood Police Officers Ret. Sys. v. Henry Schein, Inc., No. 19 Civ. 5530 (FB), 2019 WL 13167890, at *1 (E.D.N.Y. Dec. 23, 2019) (citing Fed. R. Civ. P.

For the reasons set forth below, the Funds' Motion is GRANTED and the Trust's Motion is DENIED.

## II.   BACKGROUND

### A.   The Complaint and Notice

On October 26, 2022, the Trust filed the Complaint "on behalf of a class [the 'Putative Class'] consisting of all persons other than Defendants who purchased or otherwise acquired U.S. Bancorp securities  between August 1, 2019 and July 28, 2022" (the "Class Period"). (ECF No. 1 ¶ 1).  The Trust alleges that, during the Class Period, "Defendants made materially false and misleading statements regarding [U.S. Bancorp]'s business, operational and compliance policies[,]" resulting in "the precipitous decline in [U.S. Bancorp's] market value" and "significant losses and damages" to the Trust and the Putative Class members.  (Id. ¶¶ 3, 6).

Also on October 26, 2022, the Trust's counsel, Lowey Dannenberg, P.C. ("Lowey Dannenberg"), published notice of the Complaint on "Accesswire," a press-release distribution service.  (ECF No. 20-1 (the "Notice")).  The Notice, which was addressed to "investors who purchased or otherwise acquired securities of U.S. Bancorp" during the Class Period, informed the Putative Class members that they had until December 26, 2022 to "move to serve as the Lead Plaintiff through counsel of their choice."  (Id. at 2–3).[2]  On November 21, 2022, noting that December 26, 2022 was a federal holiday, Judge Cronan "set[] the deadline for motions for appointment of lead plaintiff at December 27, 2022[.]"  (ECF No. 14 at 2).

---

72(a)); see Carpenter v. Oscar Health, Inc., No. 22 Civ. 3885 (ALC) (VF), 2022 WL 4485276, at *1 (S.D.N.Y. Sept. 27, 2022) ("A Magistrate Judge may issue an order appointing lead plaintiff and approving lead counsel under Rule 72 of the Federal Rules of Civil Procedure.") (collecting cases).

[2] Citations to page numbers of the parties' filings refer to the ECF-assigned pagination.

**B.  The Motions**

On December 27, 2022, the Funds and the Trust filed the Motions, each seeking appointment as lead plaintiff, and with the Funds proposing Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel, and the Trust proposing Lowey Dannenberg. (ECF Nos. 16 at 2; 18 at 1).

On January 10, 2023, the Funds opposed the Trust's Motion.  (ECF No. 26).  That same day, the Trust filed a "Notice of Non-Opposition," in which it concedes that it "does not appear to have the largest financial interest in this litigation, and therefore . . . does not oppose" the Funds' Motion.  (ECF No. 25 at 1).  On January 17, 2023, in lieu of a reply, the Funds filed a notice advising the Court that their Motion "is unopposed as the sole competing movant [i.e., the Trust] does not oppose the Motion and [D]efendants do not oppose the Motion."  (ECF No. 27 at 2).

### III.   LEGAL STANDARDS

**A.  Appointment of Lead Plaintiff**

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action . . . that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1).  "Not later than 20 days" after the first complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported plaintiff class may move the court to serve as lead plaintiff . . . ."  Id. § 78u-4(a)(3)(A)(i)(I)–(II).  The Court must then "appoint as lead

plaintiff the member or members . . . that the court determines to be most capable of adequately representing the interests of class members." Id. § 78u-4(a)(3)(B)(i).

The PSLRA creates a rebuttable presumption that "the most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion [to be appointed lead plaintiff];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  "This presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"  Maliarov v. Eros Int'l PLC, No. 15 Civ. 8956 (AJN), 2016 WL 1367246, at *2 (S.D.N.Y. Apr. 5, 2016) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb)).[3]

## B. Appointment of Lead Counsel

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'"  Salinger v. Sarepta Therapeutics, Inc., No. 19 Civ 8122 (VSB), 2019 WL 6873807, at *5 (S.D.N.Y. Dec. 17, 2019) (quoting Sallustro v. CannaVest Corp., 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015)).

---

[3] Unless otherwise indicated, all internal citations and quotation marks are omitted from case citations.

## IV.   <u>DISCUSSION</u>

The Trust concedes that it does not have the largest financial interest in this litigation and, therefore, it "does not oppose" the Funds' Motion.  (ECF No. 25 at 1).  "As a result, the Court deems [the Trust's] [M]otion abandoned." <u>Omdahl v. Farfetch Ltd.</u>, No. 19 Civ. 8657 (AJN), 2020 WL 3072291, at *2 (S.D.N.Y. June 10, 2020) (deeming lead plaintiff motion abandoned where the movant "failed to file an opposition to [a competing] motion"); <u>see</u> <u>In re KIT Digit., Inc. Sec. Litig.</u>, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) ("Two additional movants [for lead plaintiff] . . . did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn."); <u>Teran v. Subaye, Inc.</u>, No. 11 Civ. 2614 (NRB), 2011 WL 4357362, at *2 n.2 (S.D.N.Y. Sept. 16, 2011) ("While [movant] timely moved for appointment as lead plaintiff and submitted a memorandum of law in support of the motion, he did not file an opposition or reply brief and presumably has abandoned the motion."); <u>Janbay v. Canadian Solar, Inc.</u>, 272 F.R.D. 112, 116 (S.D.N.Y. 2010) (deeming seven lead plaintiff motions "withdrawn or abandoned" for failure to "submit opposition or reply papers"); <u>see also</u> <u>Salinger</u>, 2019 WL 6873807, at *4 n.4 ("Because movant Mountain filed a notice of non-opposition to the competing motions for appointment of lead plaintiff and approval of selection of counsel, and because I find movant Portnoy to be the presumptive lead plaintiff who also otherwise satisfies Rule 23, I do not consider the merits of Mountain's initial motion, and deny the motion.").  Thus, the Funds are the only remaining movant.

"Although [the Funds'] [M]otion to appoint them as lead plaintiffs is now unopposed, [the Court] still must 'consider the factors under the PSLRA to ensure that [they are] the most adequate plaintiff[s].'" <u>Vega v. Energy Transfer LP</u>, No. 22 Civ. 4614 (AKH), 2022 WL 3228209,

at *2 (S.D.N.Y. Aug. 10, 2022) (quoting City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc., 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018)); see Carpenter, 2022 WL 4485276, at *1.  For the reasons set forth below, the Court finds that the Funds meet that standard.

**A.  The Funds are the Presumptive Most Adequate Plaintiffs.**

The Court finds that the Funds meet the PSLRA's three requirements to be the presumptive "most adequate plaintiff[s]."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).  First, the Funds satisfied the PSLRA's procedural requirement when they filed their Motion, which was timely.  On October 26, 2022, the Trust filed the Complaint, and Lowey Dannenberg published the Notice in Accesswire, which is "a national, business-oriented wire service."  Baldwin v. Net 1 UEPS Techs., Inc., No. 19 Civ. 11174 (PKC), 2020 WL 1444937, at *2 (S.D.N.Y. Mar. 25, 2020).  (See ECF Nos. 1; 20-1).  The Notice advised the Putative Class members of the filing of the Complaint, the claims asserted therein, the Class Period, and the deadline to file lead-plaintiff motions. (ECF No. 20-1; see ECF No. 14 at 2).  The Funds filed their Motion on December 27, 2022, i.e., within the 60-day statutory period.  (ECF No. 16).  See 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Accordingly, because the Funds "made a motion [to be lead plaintiff] in response to a notice under" 15 U.S.C. § 78u-4(a)(3)(A)(i), they satisfied the first requirement under § 78u-4(a)(3)(B)(iii)(I).

Second, the Funds have the largest financial interest in the relief sought by the Putative Class.  "In making the determination of which plaintiff has the greatest financial interest, courts consider four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered."  Salinger, 2019 WL 6873807, at *3 (citing In re

eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 100 (S.D.N.Y. 2005)).  "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." Mustafin v. GreenSky, Inc., No. 18 Civ. 11071 (PAE), 2019 WL 1428594, at *4 (S.D.N.Y. Mar. 29, 2019) (collecting cases).

These factors weigh in the Funds' favor.  The Funds represent that, during the Class Period, they purchased a total of $9,976,717.50 in U.S. Bancorp securities, including 150,717 shares of U.S. Bancorp common stock, and that they subsequently sold these securities for $8,606,125.12, suffering a loss of $1,370,592.38.  (ECF Nos. 20-2; 20-3).  By comparison, the Trust purchased 20,000 shares at a total cost of $500,000.00, and suffered $103,600.00 in losses. (ECF No. 23-1).  Thus, as the Funds correctly note, their alleged losses are more than thirteen times greater than the Trust's.  (ECF No. 26 at 2).  "Because no other plaintiff has come forward suggesting that it has a greater financial interest in this litigation, these factors weigh heavily in favor of" the Funds.  Omdahl, 2020 WL 3072291, at *3.  (See ECF No. 25 at 1 (the Trust acknowledging that it "does not appear to have the largest financial interest in this litigation")).

Third, the Funds satisfy the relevant requirements of Rule 23.  That Rule permits a party to sue on behalf of a class if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "For the purposes of appointment as lead plaintiff pursuant to the PSLRA, however, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'"  In re Deutsche Bank Aktiengesellschaft Sec. Litig., No. 16 Civ. 3495 (AT) (BCM), 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016) (quoting Janbay, 272 F.R.D. at 120; see Vega, 2022 WL 3228209, at *1 ("[A]s to Rule 23, 'at this early stage of litigation,' only 'typicality and adequacy[ ] are pertinent.'") (quoting Mustafin, 2019 WL 1428594, at *5).  "For the rebuttable presumption to apply, courts have required only a prima facie showing that the requirements of Rule 23 are met."  Sallustro, 93 F. Supp. 3d at 277–78 (collecting cases).

The Funds have made a prima facie showing that they meet both the typicality and adequacy requirements.[4]  "The typicality requirement 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  Maliarov, 2016 WL 1367246, at *6 (quoting In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992)).  Here, the Funds' claims "are typical of those of the [Putative] [C]lass because—like all class members—they purchased U.S. Bancorp securities during the Class Period at artificially inflated prices, and suffered a loss as a result of [D]efendants' alleged misconduct[,]" and "[s]ubstantially similar—if not identical—legal arguments and discovery will be required to prove [D]efendants' liability." (ECF No. 17 at 5–6; see ECF Nos. 20-2; 20-4 ¶¶ 2–3).  "To satisfy the adequacy requirement, [the Funds] must demonstrate that '(1) [their choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between [them] and the members

---

[4] "Any preliminary findings of typicality and adequacy for purposes of appointing a lead plaintiff do not preclude any party from contesting the ultimate class certification in the future."  Vladimir v. Bioenvision, Inc., No. 07 Civ. 6416 (SHS) (AJP), 2007 WL 4526532, at *6 n.14 (S.D.N.Y. Dec. 21, 2007) (collecting cases).

of the Putative [C]lass; and (3) the [they have] a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" <u>Omdahl</u>, 2020 WL 3072291, at *3 (quoting <u>Foley v. Transocean Ltd.</u>, 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).  Here, the Funds have provided support "demonstrating the extensive experience of their [] chosen law firm[] . . . in complex securities class action suits, and no other party suggests otherwise." <u>Id.</u>; <u>see</u> ECF No. 17 at 7–8).  "Nor does any party suggest that these [the Funds] have a conflict between their own interests and those of the [Putative] [C]lass or that their demonstrated financial interest in the litigation is insufficient to ensure vigorous advocacy." <u>Omdahl</u>, 2020 WL 3072291, at *3.

Finally, given the absence of opposition to the Funds' Motion, "the Court has been presented with no proof that they 'will not fairly and adequately protect the interests of the class' or are 'subject to unique defenses that render such plaintiff[s] incapable of adequately representing the class.'" <u>Omdahl</u>, 2020 WL 3072291, at *3 (quoting 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II)(aa)–(bb)).

*          *          *

Accordingly, the Funds' Motion to be appointed as lead plaintiffs is GRANTED, and the Trust's Motion is DENIED.

**B. <u>Robbins Geller is Approved as Lead Counsel</u>**

The Funds propose Robbins Geller to serve as lead counsel.  (ECF No. 16 at 2). As discussed above, the PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class[,]" 15 U.S.C. § 78u-4(a)(3)(B)(v), and "[t]here is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" <u>Salinger</u>, 2019 WL 6873807, at *5 (quoting

<u>Sallustro</u>, 93 F. Supp. at 278); <u>see</u> <u>Rasella v. Musk</u>, 342 F.R.D. 74, 84 (S.D.N.Y. 2022) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (quoting <u>In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.</u>, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)).

The Funds have established that Robbins Geller is an appropriate selection for lead counsel.  Indeed, Robbins Geller is a "nationwide law firm with offices in New York" that "regularly practices complex securities litigation" and has served in "lead roles in hundreds of complex class action securities cases."  (ECF No. 17 at 7 (collecting cases)); <u>see</u> <u>also</u> <u>United Indus. Workers Pension Plan v. Waste Mgmt., Inc.</u>, No. 22 Civ. 4838 (LGS), 2022 WL 17342492, at *2 (S.D.N.Y. Nov. 30, 2022) (noting that "Robbins Geller has significant experience in securities litigation as lead plaintiff's counsel" and appointing Robbins Geller as lead counsel in securities class action).  "This Court concludes, as have other courts in this Circuit, that based on the firm's experience, Robbins Geller is qualified to serve as lead counsel in securities class actions." <u>Parot v. Clarivate Plc</u>, No. 22 Civ. 1371 (ARR), 2022 WL 1568735, at *8 (E.D.N.Y. May 18, 2022).

Accordingly, the Funds' Motion to appoint Robbins Geller as lead counsel is GRANTED.

## V.    CONCLUSION

For the reasons set forth above, the Trust's Motion is DENIED as abandoned, and the Funds' Motion is GRANTED.  The Funds are appointed as lead plaintiffs, and Robbins Geller is appointed as lead counsel.  Robbins Geller shall have the following responsibilities and duties on behalf of the Funds and the Putative Class: (a) preparing and filing pleadings; (b) briefing and arguing motions; (c) conducting discovery proceedings and depositions; (d) settlement

negotiations with counsel for Defendants; (e) pretrial proceedings and the trial of this matter; and (f) the supervision of all other matters concerning the prosecution or resolution of this action.

Pursuant to Judge Cronan's November 16, 2022 Order, the parties shall promptly "meet and confer and attempt to stipulate to a briefing schedule for Defendants to respond to the Complaint or any amended or consolidated complaint superseding the Complaint, as applicable[,]"  and, by **February 24, 2023**, shall file a joint letter not exceeding three (3) pages with their joint or competing proposals.  (ECF No. 11 at 2)

The Clerk of Court is respectfully directed to close ECF Nos. 16 and 18.

Dated:      New York, New York
            February  10, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**