UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
THE BUHRKE FAMILY REVOCABLE TRUST, *on*                                :
*behalf of itself and all others similarly situated*,                  :
                                                                       :
                                        Plaintiff,                     :   22 Civ. 9174 (JPC) (SLC)
                                                                       :
                -v-                                                    :   ORDER
                                                                       :
U.S. BANCORP, *et al.*,                                                :
                                                                       :
                                        Defendants.                    :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

For the oral argument scheduled for March 5, 2024, *see* Dkt. 46, in addition to more generally addressing their arguments in favor of or against dismissal, the parties should be prepared to address the following issues:

- If the Court determines that the only actionably misleading statements are those alleged in paragraphs 106 and 107 of the Amended Complaint, Dkt. 33 ("Am. Compl."), how, if at all, would such a determination impact the materiality analysis?

- What significance, if any, should be given to the alleged analyst reactions to the Consent Order for purposes of the materiality analysis? *See* Am. Compl. ¶ 133. The parties should be prepared to address this point both with and without the assumption that the only actionably misleading statements are those alleged in paragraphs 106 and 107 of the Amended Complaint.

- On the whole, Lead Plaintiffs' briefing does not appear to clearly articulate a view on which alleged misstatements Lead Plaintiffs consider statements of fact and which alleged misstatements Lead Plaintiffs consider statements of opinion. Given the primary theory of liability asserted here—that Defendants' statements were misleading

by way of omission—what, if any, impact should the distinction between fact and opinion statements, *compare Tongue v. Sanofi*, 816 F.3d 199, 210 (2d Cir. 2016) (citing *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 185-86, 194 (2015)) *with Meyer v. Jinkosolar Holdings Co., Ltd.*, 761 F.3d 245, 251-52 (2d Cir. 2014), have on the Court's analysis?

SO ORDERED.

Dated: February 26, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2